**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**UNITED STATES OF AMERICA,**

v.

**MATANYA VERKESHA MILLER,**

     Defendant.

Case No. 7:13-CR-30 (HL)

**ORDER**

This case is before the Court on Defendant's Motion in Limine to Exclude Evidence Pursuant to Fed.R.Evid. 401 and Fed.R.Evid. 802 (Doc. 31) and Supplemental Motion to Exclude Evidence Pursuant to Fed.R.Evid. 401 and Fed.R.Evid. 802 (Doc. 34). The Court grants the motions in part, and reserves ruling on them until trial in part.

Defendant has moved the Court to exclude evidence, testimony, and argument by the Government and its witnesses concerning eight distinct matters. The Court addresses each below.

     1.     **Referral to Defendant as Shorofsky Horton's girlfriend**

Defendant states that the Government provided as part of discovery recorded interviews where Tift County law enforcement officers and FBI agents refer to Defendant as Mr. Horton's girlfriend. Defendant denies being Mr. Horton's girlfriend at the time of the incident in question. In her motion, Defendant contends that any reference to her being Mr. Horton's girlfriend is inadmissible

hearsay. At the motion hearing held on January 14, defense counsel argued that any such reference is speculative and should be excluded.

The Court reserves ruling on this issue until trial.

### 2. Speculation that Defendant was aware that Mr. Horton was wanted

Defendant states that the Government provided as part of discovery recorded interviews of agents, officers, and witnesses "speculating" as to Defendant's knowledge of Mr. Horton being wanted by law enforcement. Defendant argues that any evidence or argument that Defendant knew of any underlying investigation of Mr. Horton or knew that a warrant for his arrest existed should be excluded under Federal Rule of Evidence 602.

The Court reserves ruling on this issue until trial.

### 3. Testimony regarding the criminal offenses for which Mr. Horton was wanted

Defendant argues that any evidence, testimony, or argument regarding the details of the crimes with which Mr. Horton was charged should be excluded. She contends that the details are irrelevant under Fed.R.Evid. 401 and are prejudicial under Fed.R.Evid. 403. Defendant seeks an order restricting the Government to stating only that Mr. Horton was wanted and considered armed and dangerous.

The Court reserves ruling on this issue until trial.

### 4. Testimony regarding the criminal arrest and investigation of Defendant's brother, Lacharles Miller

Defendant also argues that any evidence, testimony, or argument regarding her brother's arrest is irrelevant and prejudicial. Defendant appears to seek to exclude this evidence in its entirety.

The Court reserves ruling on this issue until trial.

### 5. Testimony and speculation regarding the contents of Defendant's purse

When Defendant was arrested, she had $9,000 in cash, a gun, and a taser in her purse. Defendant seeks to exclude any evidence, argument, or testimony about the items found in her purse, and argues that such evidence is irrelevant and prejudicial.

The Court reserves ruling on this issue until trial.

### 6. Testimony and speculation by law enforcement regarding what Defendant could actually see and hear on May 3, 2013

Defendant states that the Government provided as part of discovery recorded interviews of Tift County law enforcement officers and FBI agents which refer to what Defendant could see or hear at the time of the incident. Defendant asserts that the officers were speculating about what she was able to see and hear, and requests that any such speculation be excluded under Fed.R.Evid. 602.

The Court reserves ruling on this issue until trial.

**7.    Testimony and speculation regarding Defendant's previous unrelated arrest, including but not limited to, booking photos and warrant**

Defendant anticipates that the Government will attempt to introduce into evidence her booking photos and a warrant from a previous unrelated arrest. Defendant argues that these items are irrelevant to this case and prejudicial, and thus should be excluded.

The Court grants this motion in that the Government will not be allowed to introduce the booking photo into evidence. While the Government may elicit testimony that the officers had a photo of Defendant, any testimony that the photo was a booking photo will not be allowed. Further, any testimony or evidence about Defendant's previous shoplifting arrest will not be allowed.

**8.    Testimony and speculation regarding Defendant misleading law enforcement in their investigation of Mr. Horton**

Defendant states that as part of discovery, she received a statement from someone named John Edgar in which he stated that Defendant tried to misdirect law enforcement in their investigation of Mr. Horton. Defendant argues that this evidence is speculative and should be excluded. The Government has stated in response that it does not intend to introduce any such allegations. Therefore, the Court grants this motion.

**SO ORDERED,** this 16th day of January, 2014.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

mbh

4